_____

No. 96-1289
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Michael Freeman,                   *
                                   *          [UNPUBLISHED]
          Appellant.               *


                              _____

               Submitted:  July 23, 1996

                   Filed:  August 28, 1996
                              _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                              _____

PER CURIAM.

     Michael Freeman appeals the forty-month sentence imposed by the
District Court[1] after he pleaded guilty to conspiring to distribute and
possess with intent to distribute cocaine base (crack), in violation of 21
U.S.C. §§ 841(a)(1) and 846 (1994).  We affirm.

     At sentencing, Freeman objected to his offense-level calculation,
which was derived from the penalty scheme set forth in 21 U.S.C.
§ 841(b)(1), providing the same penalties for given amounts of crack and
100 times greater amounts of powder cocaine (the 100-to-1 ratio).
Freeman's objection was premised on Congress's rejection of a proposed
amendment to the Sentencing Guidelines (Amendment 5) which would have
eliminated the 100-to-1 ratio and equalized the penalties for crack and
powder cocaine.

_____

     [1]The Honorable Carol E. Jackson, United States District Judge
for the Eastern District of Missouri.

Freeman argued the 100-to-1 ratio had a disproportionate adverse effect on African-Americans, Congress's rejection of Amendment 5 evidenced a discriminatory purpose on Congress's part in maintaining the penalty scheme, and thus, continued application of the penalty scheme violated his Fifth Amendment equal protection and due process rights.  The District Court overruled Freeman's objection, and he appeals.  We rejected the challenge Freeman raises here in United States v. Carter, No. 96-1329, 1996 WL 453275, at *2-*3 (8th Cir. Aug. 13, 1996) (per curiam).[2]

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We do not reach the government's argument that Freeman lacks standing to raise this challenge because he is a caucasian.